Thomas F. Nowland, Esq. (SBN 236824)
Sarah K. O'Brien, Esq. (SBN 299408)
**LAW OFFICES OF THOMAS F. NOWLAND**
20241 SW Birch Street ▪ Suite 203
Newport Beach California 92660
Tel: (949) 221-0005

Attorney for Defendant ELLIOT STONE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ELLIOTT STONE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA P. FRIEDMAN, an individual; JOSHUA P. FRIEDMAN AND ASSOCIATES, an entity of unknown type; MARSHALL WALLER, an individual; FEINBERG & WALLER APC, a California professional corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMAND |

Plaintiff alleges as follows:

## **PRELIMINARY STATEMENT**

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA") and California Penal Code §496.

- 1 -
**VERIFIED COMPLAINT**

**Background On The Federal Fair Debt Collection Practices Act**

2. In enacting the Fair Debt Collection Practices Act (hereinafter "FDCPA") in the 1970's, the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *See* 15 U.S.C. § 1692(a). Congress further found that existing laws and procedures for redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. § 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. § 1692(d). Congress' stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**United States Bureau Of Consumer Financial Protection (CFPB) Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors.**

3. In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers. The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process. The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm. If collectors

falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such as by waiving the statute of limitations on debt claims for which the relevant limit periods have expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4.  The CFPB further noted how Federal consumer financial protection laws, like the FDCPA, promote fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such illegal practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant, in part, to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See* Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule, 12 CFR § 1090.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d), because this action alleges claims pursuant to the FDCPA, and supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367, which are predicated upon the same facts and circumstances that give rise to Plaintiff's federal claims.

6.  Venue is proper in the Central District of California, Western Division,

- 3 -

**VERIFIED COMPLAINT**

because all defendants transact business here, and a substantial part of the events or omissions which give rise to the claims asserted herein occurred here.

## PARTIES

7. Plaintiff ELLIOTT STONE is a natural person and a "consumer" as that term is defined under 15 U.S.C. § 1692a(3), and a "debtor" as that term is defined under Cal. Civ. Code § 1788.2(h) (hereinafter "Plaintiff" or "Stone").

8. Defendant JOSHUA P. FRIEDMAN is an individual, a debt collection attorney and at all times relevant in this action was an attorney with JOSHUA P. FRIEDMAN AND ASSOCIATES (hereinafter "FRIEDMAN").

9. Defendant JOSHUA P. FRIEDMAN AND ASSOCIATES is a California law firm of unknown entity type operated and controlled by Defendant FRIEDMAN (hereinafter the "FRIEDMAN FIRM").

10. FRIEDMAN and the FRIEDMAN FIRM shall collectively be referred to herein as the "Friedman Defendants."

11. Defendant MARSHALL WALLER is an individual and a California attorney and at all times relevant in this action was an attorney with Defendant FEINBERG & WALLER APC (hereinafter "WALLER").

12. Defendant FEINBERG & WALLER APC is a California professional corporation and a law firm operated and controlled by Defendant WALLER (hereinafter the "WALLER FIRM").

13. WALLER and the WALLER FIRM shall collectively be referred to herein as the "Waller Defendants."

14. The Friedman Defendants and Does 1-50, routinely use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**VERIFIED COMPLAINT**

15. Plaintiff is informed and believes, and thereupon allege that the Friedman Defendants regularly acquire and/or collect debts after they are in default, and therefore are debt collectors as that term is defined by 15 U.S.C. §1692a(6).

16. The Friedman Defendants, Waller Defendants and Does 1-50, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property and/or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Based upon information and belief, and on that basis it is alleged, each Defendant sued herein, is and at all times was, the principal, agent, or employee of the other, and is and at all times was acting within the course and scope of such principal relationship, agency, or employment. Further, each Defendant sued herein received money and or property from the other in consideration of, and as a result of, the conduct described herein and with full knowledge of the resulting damage and harm to Plaintiff and with full knowledge that the money and/or property was obtained as a result of the fraud, negligence, misrepresentation, and other wrongful and/or illegal conduct described herein. Each entity Defendant sued herein is a shell organization and is actually the alter ego of the other Defendants sued herein.

19. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names and Plaintiff will seek to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon allege, that each of the Defendants designated herein as a DOE is legally

responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately caused thereby to Plaintiff as alleged herein. Plaintiff is informed and believes that each DOE Defendant was responsible in some manner for the occurrences and injuries alleged in this Complaint.

## FACTUAL ALLEGATIONS

20. On or before October 4, 2017, Plaintiff is alleged to have incurred certain financial obligations related to family law legal services from the Waller Defendants. The alleged financial obligations were primarily for personal, family, and/or household purposes, and therefore is a "debt" as that term is defined under 15 § U.S.C. § 1692a(5), and a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) (hereinafter the "Debt").

21. Sometime after purportedly incurring the Debt, but before August 20, 2021, Plaintiff allegedly fell behind on payment due and owing on the Debt and thereafter went into default.

22. Plaintiff currently disputes the validity of the Debt and believes he does not owe any sums on the Debt.

23. Subsequent to the Defendant's claim of default on the part of Plaintiff, but before August 20, 2021, the Debt was assigned, placed, or otherwise transferred to the Friedman Defendants for collection.

**Defendants Send Stone An Unlawful Collection Notice**

24. On or about August 8, 2021, the Friedman Defendants, on behalf of the Waller Defendants, sent Plaintiff a collections notice demanding the immediate payment of the purported Debt. Amongst other things, the letter stated Plaintiff was, in default of payment obligations due and owing to the Waller Defendants (hereinafter the "Friedman Collection Notice").

25. The Friedman Collection Notice, amongst other things, was inaccurate; stated false facts regarding the purported Debt; made unlawful threats; contained false,

**VERIFIED COMPLAINT**

deceptive and/or misleading representations regarding the character, amount or legal status of the Debt; threatened to take action that cannot be legally taken; threatened to communicate false credit information; failed to contain the required debt collector mini-miranda notice; sought to collect sums not authorized by agreement; used false representations and deceptive means in an attempt to collect the purported Debt; and failed to provide the 30-day dispute and validation notice prescribed by law.

26. As such, the Friedman Collection Notice was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692d, § 1692e, § 1692e(2), § 1692e(5), § 1692e(10), § 1692e(11), § 1692f, § 1692f(1), § 1692g, § 1692g(a)(1), § 1692g(a)(2), 1692g(a)(3), § 1692g(a)(4), § 1692g(a)(5) and § 1692g(b).

27. In addition, because the foregoing acts and omissions violated certain portions of the FDCPA, as incorporated by reference into the RFDCPA pursuant to Cal. Civ. Code § 1788.17, the foregoing acts and omissions also violated the RFDCPA.

**Stone Disputes The Friedman Collection Notice – Friedman Ignores Stone's Dispute, Discards the FDCPA, RFDCPA And Sues Without Providing Debt Validation**

28. On August 13, 2021, Plaintiff responded in writing to the August 8, 2021 Friedman Collection Notice. In that writing, Plaintiff stated he disputed the purported Debt. Rather than respond to Plaintiff written dispute with validation of the debt as required under both the FDCPA and RFDCPA before filing a collections lawsuit, the Waller Defendants, by and through the Friedman Defendants, proceeded to file a collections lawsuit against Stone, completely ignoring Stone's August 13, 2021 dispute. The unlawful case was filed in Los Angeles County Superior Court styled *Feinberg & Waller APC v. Elliot Stone* (sic), Case No. 21STLC06118 (hereinafter the "Collections Action").

29. As such, the Waller Defendants and Friedman Defendants failure to

**VERIFIED COMPLAINT**

1. validate the purported Debt upon Stone's dispute before filing their collections lawsuit was a failure to cease collection activity until a disputed debt is validated in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692d, § 1692f, § 1692f(1) and § 1692g(b).

30. In addition, because the foregoing acts and omissions violated certain portions of the FDCPA, as incorporated by reference into the RFDCPA pursuant to Cal. Civ. Code § 1788.17, the foregoing acts and omissions also violated the RFDCPA.

**Defendants' Falsify A State Court Proof Of Service Summons To Obtain A Default Judgment Against Stone Without Notice**

31. The Waller Defendants, by and through the Friedman Defendants, attempted to serve Stone with the Collections Action at an address that Defendants, and each of them, knew or should have known, was not a valid address for Stone. It should be noted that even though Defendants mailed the Friedman Collection Notice to Stone's office address, they intentionally used an invalid street address to serve the Collections Action summons and complaint on Stone in order to obtain a default judgment against Stone without his knowledge. The address which Defendants claimed to have served Stone at with the Collections Lawsuit was in Los Angeles County, even though both Defendants knew, or should have known, Stone resided in Orange County. Notwithstanding, both Defendants knew where Stone worked, had previously communicated with Stone at that work address.

32. Based upon information and belief, and on that basis it is alleged, Waller and Friedman's conscious decision to serve Stone at an invalid residence address was undertaken intentionally, deliberately and in bad faith in a calculated effort to vex, harass and annoy Stone for disputing the Debt in the first place.

33. The Defendants filing the false proof of service on the Collections Lawsuit violated numerous and multiple provisions of the FDCPA, including, but not

**VERIFIED COMPLAINT**

limited to, 15 U.S.C. § 1692d, § 1692e(9), § 1692e(10), § 1692e(13), § 1692f, § 1692f(1), and § 1692g(b).

34. In addition, because the foregoing acts and omissions violated certain portions of the FDCPA, as incorporated by reference into the RFDCPA pursuant to Cal. Civ. Code § 1788.17, the foregoing acts and omissions also violated the RFDCPA.

**Defendants Obtain And Execute An Unlawful Default Judgment On Stone**

35. On November 3, 2021, Defendants falsely reported to the Los Angeles County Superior Court that Stone was served at a residence in Los Angeles, even though they knew, or should have known, Stone resided in Orange County, in order to obtain a Default Judgment in the amount of $29,726.03 (the "Unlawful Default Judgment").

36. On March 15, 2022, the Waller Defendants, by and through the Friedman Defendants applied to the Court and obtained a Writ of Execution for the Unlawful Default Judgment by falsely claiming Stone was served then they knew, or should have known, he was not (hereinafter the "Unlawful Writ of Execution").

37. On April 7, 2022, the Waller Defendants, by and through the Friedman Defendants, levied the Unlawful Writ of Execution on Stone's personal and business bank accounts (hereinafter the "Unlawful Levy").

38. As such, the Unlawful Levy demand Letter violated numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692d, § 1692e, § 1692e(2), § 1692e(5), § 1692e(10), § 1692e(11), § 1692f, § 1692f(1), § 1692g, § 1692g(a)(1), § 1692g(a)(2), 1692g(a)(3), § 1692g(a)(4), § 1692g(a)(5) and § 1692g(b).

39. In addition, because the foregoing acts and omissions violated certain portions of the FDCPA, as incorporated by reference into the RFDCPA pursuant to Cal. Civ. Code § 1788.17, the foregoing acts and omissions also violated the

RFDCPA.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Against The Friedman Defendants and Does 1-50

[15 U.S.C. §1692 et seq.]

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants, and their agents, constitute numerous and multiple intentional and/or negligent violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

42. As a direct and proximate result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant named herein.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

Against All Defendants and Does 1-50

[CAL. CIV. CODE §§ 1788 et seq.]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of all Defendants, and their agents, constitute numerous and multiple intentional and/or negligent violations of the

**VERIFIED COMPLAINT**

1  RFDCPA, including but not limited to, each and every one of the above-cited
2  provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

3      45.   As a direct and proximate result of each and every violation of the
4  RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code §
5  1788.30(a); statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code
6  § 1788.30(b), plus an additional $1,000 for each of the FDCPA violations
7  incorporated into the RFDCPA by virtue of Cal. Civ. Code §§ 1788.17 and 1788.32;
8  as well as reasonable attorney's fees and costs pursuant to Cal. Civ. Code §
9  1788.30(c).

## THIRD CLAIM FOR RELIEF
## INVASION OF PRIVACY
## BY INTRUSION UPON SECLUSION AND REVELATION
## OF PRIVATE FINANCIAL FACTS TO THIRD PARTIES

Against All Defendants and Does 1-50

    46.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

    47.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when Congress stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.
>
> 15 U.S.C. § 1692(a) (emphasis added)

    48.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purpose:

**VERIFIED COMPLAINT**

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added)

49. The herein described conduct of defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from Plaintiff using methods proscribed by law and thereby invading Plaintiff's privacy.

50. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

51. The conduct of Defendants and their agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

52. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL WITHHOLDING OF MONEY OR PROPERTY
[CA. PENAL CODE § 496]

Against All Defendants and Does 1-50

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. California Penal Code section 496(a) provides that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or

withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170 […]." A violation under Section 496(a) exists if the violator engaged in any of the conduct described in the statute (e.g., withholding or aiding another in withholding property known to be stolen or unlawfully obtained) and it relates to any property obtained in any manner constituting theft.

55. Penal Code section 496(c) provides that "[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

56. The Waller Defendants and the Friedman Defendants received and are withholding, or are assisting others in receiving and withholding, Plaintiff's money or property in the form of funds on deposit in Plaintiff's bank account by virtue of the Unlawful Writ of Execution, as described above. The Waller Defendants and the Friedman Defendants AAA Defendants know that Plaintiff is entitled to payment, yet the AAA Defendants persist in withholding payment.

57. The Waller Defendants and the Friedman Defendants conduct in knowingly withholding Plaintiff's money or property and refusing to return it upon Plaintiff's demand and has forced Plaintiff to retain legal counsel and incur legal fees and costs to prosecute this action.

58. As a direct and proximate result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to Ca. Penal Code 496(a) in an amount of not less than $33,500; treble damages pursuant to Ca. Penal Code 496(c) in an amount of not less than $100,500; and reasonable attorneys fees and costs pursuant to Ca. Penal Code 496(c).

**VERIFIED COMPLAINT**

# FIFTH CLAIM FOR RELIEF

## UNFAIR AND DECEPTIVE BUSINESS PRACTICES

[CA. B&P § 17200]

Against All Defendants and Does 1-50

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The conduct alleged above constitutes unlawful, unfair, and/or fraudulent business acts/practices under Ca. Business and Professions Code § 17200 entitling Plaintiff to restitution and/or injunctive relief under Business and Professions Code section 17203.

61. The Waller Defendants and the Friedman Defendants obtained money and property from Plaintiff by engaging in the unlawful, unfair, and/or fraudulent business acts/practices prohibited by Ca. Business and Professions Code section 17200.

62. As a direct and proximate result of each and every one of Defendants' violations of B&P § 17200, Plaintiff is entitled to restitution of all sums Defendants' obtained by engaging in the conduct prohibited by Ca. Business and Professions Code § 17200 in an amount of not less than $68,000.

Dated: April 12, 2022        LAW OFFICES OF THOMAS F. NOWLAND

By: */s/ Thomas F. Nowland*
Thomas F. Nowland, Esq.
Sarah K. O'Brien, Esq.
Attorneys for Plainitff Elliott Stone

## PRAYER

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants,

- 14 -

VERIFIED COMPLAINT

jointly and severally, as follows:

**On the First Claim For Relief**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), against each and every Defendant;

2. An award of statutory damages of not less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each and every Defendant;

3. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3), against each and every Defendant; and

4. For such other and further relief as the Court may deem just and proper.

**On the Second Claim For Relief**

1. An award of actual damages pursuant to Ca. Civ. Code § 1788.30(a), against each and every Defendant;

2. An award of statutory damages of not less than $1,000.00 pursuant to Ca. Civ. Code § 1788.30(b), against each and every Defendant;

3. An award stacking all federal FDCPA damages on top of these RFDCPA claims pursuant to Ca. Civ. Code §1788.32, against each and every Defendant;

4. An award of costs of litigation and reasonable attorney's fees pursuant to Ca. Civ. Code § 1788.30(c), against each and every Defendant; and

5. For such other and further relief as the Court may deem just and proper.

**On the Third Claim For Relief**

1. An award of actual damages from each and every Defendant, jointly and severally, for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and RFDCPA violations and intentional and/or negligent invasions of Plaintiff's privacy in an amount to be determined at trial; and

2. For such other and further relief as the Court may deem just and proper.

**On the Fourth Claim For Relief**

1. An award of actual damages from each and every Defendant, jointly and

**VERIFIED COMPLAINT**

1 severally for Plaintiff's actual damages pursuant to Ca. Penal Code 496(a) in an amount of not less than $33,500;

2. An award of treble damages from each and every Defendant, jointly and severally, pursuant to Ca. Penal Code 496(a) in an amount of not less than $100,500;

3. For and reasonable attorneys fees and costs pursuant to Ca. Penal Code 496(c).

**On the Fifth Claim For Relief**

1. For an order of restitution against each and every Defendant, jointly and severally, for all sums each Defendant obtained by engaging in unlawful, unfair, and/or fraudulent business acts/practices.

**On All Causes Of Action**

1. For any such other relief as the Court may deem just.

Dated: April 12, 2022

LAW OFFICES OF THOMAS F. NOWLAND

By: */s/ Thomas F. Nowland*
Thomas F. Nowland, Esq.
Sarah K. O'Brien, Esq.
Attorneys for Plainitff Elliott Stone

VERIFIED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury.

Dated: April 12, 2022

LAW OFFICES OF THOMAS F. NOWLAND

By: */s/ Thomas F. Nowland*
Thomas F. Nowland, Esq.
Sarah K. O'Brien, Esq.
Attorneys for Plainitff Elliott Stone

**VERIFIED COMPLAINT**

## VERIFICATION

I, ELLIOTT STONE, verify as follows:

1. I am the Plaintiff in this civil proceeding against the above captioned Defendants.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 12th Day of April, 2022, at Aliso Viejo California.

/s/ Elliott Stone

_____
ELLIOTT STONE